UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| BARCHART.COM, ) ) | |
| Plaintiff, ) ) | |
| v. ) | Case No. 19-cv-00556 (APM) |
| ) | |
| MARK KOUMANS,[1] ) ) | |
| Defendant. ) ) | |

## MEMORANDUM OPINION

Plaintiff Barchart.com challenges the decision of the Vermont Service Center Director of the United States Citizenship and Immigration Services ("USCIS") denying the H-1B visa application submitted on behalf of Marcos Piva Pinheiro Reis, one of Plaintiff's employees. *See generally* Mem. of P. & A. in Supp. of Pl.'s Mot. for Summ. J., ECF No. 9-1 [hereinafter Pl.'s Mot.]. Before the court are the parties' cross-motions for summary judgment. For the reasons set forth below, the court grants Plaintiff's Motion, denies Defendant's Motion, and remands this matter for further proceedings consistent with this Memorandum Opinion.

I.

A.

The Immigration and Nationality Act ("INA") allows for temporary visas for foreign workers who are coming to the United States to engage in "a specialty occupation" for a sponsoring employer, known as H-1B visas. 8 U.S.C. § 1101(a)(15)(H)(i)(b). To participate in the H-1B program, employers must complete a two-step process. First, the employer must submit a Certified

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Director Mark Koumans is automatically substituted as the Defendant for former Director L. Francis Cissna.

Labor Condition Application ("LCA") to the Department of Labor ("DOL"). *Id.* § 1182(n)(1); 20 C.F.R. § 655.730(a). The LCA must list information such as the place of employment, the nature of the employment, dates of employment, and wages. *See* 8 U.S.C. § 1182(n)(1)(D); 20 C.F.R. § 655.730(c)(4). Second, if the DOL certifies the LCA, then the employer must submit to USCIS the LCA along with a Form I-129 petition requesting the classification of the employee as an H-1B nonimmigrant worker. 8 C.F.R. § 214.2(h)(2)(i)(A). USCIS then decides whether the position qualifies as a specialty occupation. 20 C.F.R. § 655.715 ("Determinations of specialty occupation and of nonimmigrant qualifications for the H-1B and H-1B1 programs are not made by the [DOL], but by the Department of State and/or [USCIS] of the Department of Homeland Security in accordance with the procedures of those agencies for processing visas, petitions, extensions of stay, or requests for change of nonimmigrant status for H1-B or H-1B1 nonimmigrants.").

The regulations define a "specialty occupation" as an occupation which "requires theoretical and practical application of a body of highly specialized knowledge in fields of human endeavor including, but not limited to, architecture, engineering, mathematics, physical sciences, social sciences, medicine and health, education, business specialties, accounting, law, theology, and the arts" and "requires the attainment of a bachelor's degree or higher in a specific specialty, or its equivalent, as a minimum for entry into the occupation in the United States." 8 C.F.R. § 214.2(h)(4)(ii). To qualify as a specialty occupation, the position must satisfy one of the following criteria:

> (1) A baccalaureate or higher degree or its equivalent is normally the minimum requirement for entry into the particular position;
>
> (2) The degree requirement is common to the industry in parallel positions among similar organizations or, in the alternative, an

employer may show that its particular position is so complex or unique that it can be performed only by an individual with a degree;

(3)  The employer normally requires a degree or its equivalent for the position; or

(4)  The nature of the specific duties are so specialized and complex that knowledge required to perform the duties is usually associated with the attainment of a baccalaureate or higher degree.

*Id.* § 214.2(h)(4)(iii)(A). The burden of proof rests on the petitioner to establish that the offered position is a specialty occupation and the nonimmigrant worker qualifies for the position. *See* 18 U.S.C. § 1361.

B.

In April 2018, Plaintiff filed a Form I-129, Petition for a Nonimmigrant Worker, with USCIS. Certified Administrative Record, ECF Nos. 16-1, 16-2 [hereinafter CAR], at 30–37, 45–47. Plaintiff's Petition detailed that Marcos Piva Pinheiro Reis would be hired as a "Market Analysis Representative," *id.* at 33, and that he had a bachelor's degree in finance, *id.* at 45. Plaintiff also submitted a short letter in support of the Petition, which detailed Barchart's background, a description of the position, Reis's qualifications for the specialty occupation, and the terms of employment. *Id.* at 48–49.

In September, USCIS informed Plaintiff that it required "additional evidence" to process the Petition and to determine whether the "proffered position is a specialty occupation." *Id.* at 93–101. In response, Plaintiff submitted a number of additional documents. *See id.* at 121 (listing the "accompanying documents" in Plaintiff's response to USCIS's "request for evidence"). One of the items that Plaintiff provided was a declaration from Ethan Robinson, Senior Program Manager of Barchart.com. *Id.* at 136–37. Plaintiff highlighted the Robinson Declaration in a 12-page cover letter, which quoted extensively from the Robinson Declaration and pointed to specific language

3

from the Declaration that explained Reis's role and duties with the company and the ways in which his undergraduate finance degree was necessary to his job responsibilities. *Id.* at 121–32.

Approximately one month later, in January 2019, Plaintiff received a decision from USCIS denying the Petition and an H-1B visa for Reis. *Id.* at 4–13. Plaintiff filed suit in February 2019, and the parties then filed cross-motions for summary judgment, which are now before the court. Pl.'s Mot.; Def.'s Cross-Mot. for Summ. J., ECF No. 10.

II.

Under the APA, the court may review a final agency action to determine whether it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

> Normally, an agency rule would be arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). The "focal point for judicial review" is the existing administrative record. *Camps v. Pitts*, 411 U.S. 138, 142 (1973). The court's review "must be searching and careful," *Marsh v. Or. Nat. Res. Def. Council*, 490 U.S. 360, 378 (1989) (citation and internal quotations marks omitted), and the court "may not supply a reasoned basis for the agency's action that the agency itself has not given," *State Farm*, 463 U.S. at 43 (quoting *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)).

The parties make a number of arguments in their briefing, but the court need only consider one: whether the agency considered all of the evidence before it when making its decision. Barchart argues that the agency's decision was arbitrary and capricious because, after providing a

"more detailed explanation of [Reis's job] duties"; Reis's undergraduate transcripts; letters, affidavits, and "news articles about its operations"; and copies of a brochure discussing Plaintiff's "high-tech trading services," the agency failed to "acknowledge or discuss any of the above articles or materials it requested in the [Request for Evidence]." Pl.'s Mot. at 28–29 (citing *Butte Cty. v. Hogen*, 613 F.3d 190, 194 (D.C. Cir. 2010)). "By failing to review and discuss requested evidence," Plaintiff contends, "the agency has failed to consider an essential aspect of the regulatory requirement. Consequently, the decision is arbitrary and capricious." *Id.* (citing *State Farm*, 463 U.S. at 43). The court agrees that the agency failed to consider relevant evidence when it denied the Petition.

Perhaps the most significant piece of evidence among the supplemental materials that Plaintiff submitted was the declaration from Ethan Robinson, Plaintiff's Senior Program Manager. *See* CAR at 136–37. The Robinson Declaration provides additional background on Barchart's operations, Reis's job duties, his significance to the company, and, critically, the ways in which Reis's finance degree is necessary for his job. *Id.* It also offers a specific example of one of Reis's recent projects and why his financial expertise and his fluency in Portuguese proved important. *Id.* at 137. In denying the Petition, the agency faulted Plaintiff for failing to show why Reis's position as a Market Analysis Representative required a bachelor's degree or higher. *Id.* at 8, 12 (stating that "[w]ithout a detailed job description, the record lacks sufficient evidence to demonstrate that the proffer position requires a specialty occupation's level of knowledge in a specific specialty," and "that [the] provided duties were described in generalized and abstract terms that lack sufficient detail to show that the nature of the duties are so specialized and complex" that they require a bachelor's degree or higher). Yet, nowhere in reaching this conclusion did the agency acknowledge the Robinson Declaration, let alone grapple with its substance. In other

words, the agency failed to consider the key piece of evidence—the Robinson Declaration—that Plaintiff submitted to explain why Reis's position requires at least a bachelor's degree.[2] This omission was arbitrary and capricious. *See Butte Cty.*, 613 F.3d at 194 ("[A]n agency's refusal to consider evidence bearing on the issue before it constitutes arbitrary agency action within the meaning of [5 U.S.C.] § 706."); *Comcast Corp. v. FCC*, 579 F.3d 1, 8 (D.C. Cir. 2009) (holding that an agency rule was arbitrary and capricious when the agency "failed to 'examine[] the relevant data and articulate[] a satisfactory explanation for its action'" (alterations in original) (quoting *Fresno Mobile Radio v. FCC*, 165 F.3d 965, 168 (D.C. Cir 1999))).

III.

Accordingly, the court grants Plaintiff's Motion for Summary Judgment, ECF No. 9, and denies Defendant's Cross-Motion for Summary Judgment, ECF No. 10. The agency's decision is vacated and remanded for further proceedings consistent with the court's ruling. A separate, final order accompanies this Memorandum Opinion.

Dated: February 19, 2020

Amit P. Mehta
United States District Court Judge

---

[2] USCIS's rejection of the Petition focused primarily on a revised position description, which the agency found too general to establish the need for a bachelor's degree. *See* CAR at 10, 12, 139. But considering the revised position description without the context provided by the Robinson Declaration was inadequate.